## DEGRUY vs. ST. PE'S CREDITORS.

APPEAL from the court of probates, of the parish and city of New-Orleans.

The wife has a tacit mortgage for replacing her paraphernal effects, alienated by the husband.

PORTER, J., delivered the opinion of the court. The appellant in this case, wife of the deceased, St. Pé, filed an opposition to the tableau of distribution presented by the syn-

dics. The court of probates overruled her opposition, she appealed, and, in this court, has made the following points:

East'n. District.
*April*, 1826.

DEGRUY
*vs.*
ST. PE'S
CREDITORS.

1st. That syndics cannot purchase property of insolvents, or by means of persons interposed.

2d. The wife is a privileged creditor, as to paraphernal property disposed of by her husband.

3d. If the husband and wife join in selling wife's paraphernal property, the price is presumed to have been received by the husband.

Where the administration of the paraphernal property is intrusted to the husband, he is responsible for the value, in case of alienation, unless it be shown that the price was converted to the benefit of the wife.

The first proposition assumes the fact, that the syndics purchased the property of the estate which was sold for the common benefit. We have examined with attention the evidence, and we are unable to say that it supports the appellant in this position. There are certainly somethings in the transaction which excite suspicion, but nothing which would authorise a court of justice to say the fact was proved.

The second and third may be considered together, as the facts on which they have been advanced, embrace nearly the whole matter in contest between the parties.

East'n. District.
*April*, 1826.

DEGRUY
*vs.*
ST. PE's
CREDITORS.

The position taken that the wife is a privileged creditor for her paraphernal property disposed of by her husband, is not strictly correct. The wife has only a tacit mortgage on the estate of her husband for the price of her extra dotal effects alienated during marriage. It appears in evidence, that on the 12th March, 1800, the father and mother of the appellant, made to her a donation of three arpents of land in front on the river Mississippi. In the act by which this gift is conferred, it is stated, that about five years then preceding, they had given as a pure donation, and in advancement as heir to their daughter, the quantity of land already mentioned, that it was then unimproved, and had been estimated by the donors at the sum of $900, but that at the moment of making the deed the land had been improved; and built on, at the expense of their son-in-law.

The next day the appellant and her husband joined in an act of sale, by which they disposed of the land thus given to the former, for $4000, payable in one, two, and three years.

On these facts two questions arise:

First. Is the husband's estate responsible for the value of the paraphernal property of

East'n. District,
*April,* 1826.

DEGRUY
*vs.*
ST. PE's
CREDITORS.

his wife, disposed of by an act such as that produced in evidence? And second, if it is, for what amount, for the value at the time it was received, or for that which it had, when improved by the joint labours of the community.

The transaction which has given rise to this controversy, took place before the passage of the Civil Code. The questions, therefore, which it presents, must be decided by a reference to the Spanish law alone. The responsibility of the husband under that system, depended much on the fact, whether the wife retained the administration of her paraphernal property; if she did, the husband was responsible in case of alienation for the amount received by him, and not otherwise. But if on the contrary, the administration of the extra dotal property was confided to the husband, he then became responsible for the price for which it was sold; unless it appeared the money went to discharge the engagements contracted by the wife before marriage, or was in some other manner applied to her use. These principles of law were well calculated to do justice in the greater number of cases: for, except in those instances, and they are

East'n. District.
*April*, 1826.

DEGRUY
*vs.*
ST. PE'S
CREDITORS.

few, where the wife evidences her suspicion of the husband, by retaining the administration in her own hands, we apprehend, the husband, in almost every case, receives the price, for which the paraphernal estate is sold. The burthen of proving the contrary, if therefore, with great propriety, thrown on him. In the suit now before us, the administration of the husband is proved, by the possession which he had of the land; by the improvements which he made on it, and by his joining in the act of sale in his own right, not as assisting his wife in selling that which belonged to her. His estate is therefore responsible, as it has not been proved the price was converted to the appellant's benefit. In the case of *Faussier* vs. *Faussier*, the notarial act showed the wife had received the money, and the language used there must be understood in relation to the facts then before the court. In that of the *Planters' Bank* vs. *Lanusse*, the money was acknowledged to be paid to both husband and wife, but the question arose there collaterally, on the right of the wife to vote for syndics; and it was not examined with much attention, as taking the receipt in the strongest way against the wife, her claim was

East'n. District,
*April*, 1826.

Degruy
*vs.*
St. Pe's
creditors.

supported. We understand the rule to be this : that where the administration of the wife's paraphernal estate is intrusted to the husband, he is responsible for the value, if it should be alienated during marriage ; whether that alienation be made by himself, or jointly with his wife, unless it be shown that the price was applied to her benefit. (*Convertio en utilidad de la muger.*) 12 *Mart.* 167; *Vol.* 1, 350 ; *Febrero, p.* 2. *lib.* 1, *cap.* 3. §1, *nos.* 43, 46 and 47 ; *Ayora de Part. par.* 1, *cap.* 7, *nos.* 14, and 15 ; *Acosta de Privil. Cred. reg.* 2, *amp.* 6, *nos.* 326 and 327 ; *Gregorio Lopez on the* 4 *Par. tit.* 11, *law* 17, *note* 2 ; *Castillo, lib.* 4, *cap.* 40, *no.* 63.

The second question is quite clear. The wife has no claim on her husband's estate for improvements made on her property during marriage. They belonged to, and made a part of the community of acquests and gains. *Ayora de Part. par.* 1, *cap.* 10 ; *Febr. p.* 2, *lib.* 1, *cap.* 4, §3, *no.* 74.

An objection was made on the part of the appellees, that the wife had lost her recourse on the husband's estate, by failing to set up this claim at the first meeting of the creditors. We do not think any such consequence should

DEGRUY
*vs.*
ST. PE's
CREDITORS.

follow the neglect imputed to her.    It is much more easily to be presumed, the silence of the appellant proceeded from ignorance of her right, than from an intention to abandon what is justly due to her.    *Nemo presumitur facile donare.*

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates, be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the opposition of the appellant to the tableau of distribution filed by the syndics be sustained, and that she be placed thereon as a mortgagee creditor for $900, according to the rank to which she is entitled; and it is further ordered, adjudged and decreed, that the appellees pay the costs of this appeal.

*Pierce* for the plaintiff, *Morel* for the defendants.